IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KIRK FRANKLIN WILLIAMS,**

      **Plaintiff,**

v.

                                                   Case No. 22-1058-DDC-KGG

**18TH JUDICIAL DISTRICT COURT,**
**et al.,**

      **Defendants.**

## MEMORANDUM AND ORDER

Pro se plaintiff Kirk Franklin Williams filed this action against several defendants, including the 18th Judicial District Court in Wichita, Kansas. Plaintiff alleges that defendants violated his civil rights after his allegedly wrongful conviction and sentencing in Kansas state court. *See generally* Doc. 1 (Compl.). Plaintiff sought to proceed in forma pauperis under 28 U.S.C. § 1915. Doc. 3. United States Magistrate Judge Kenneth G. Gale granted that motion. Doc. 6.

But, after screening the Complaint under 28 U.S.C. § 1915(e)(2), Judge Gale determined that, essentially, the Complaint sought "to appeal a Sedgwick County District Court criminal conviction to the United States District Court for the District of Kansas." Doc. 7 at 6. Judge Gale recognized that this attempt to appeal a state criminal conviction in federal court is improper under the *Rooker-Feldman* doctrine. *See Redick v. KVC Behav. Healthcare, Inc.*, 860 F. App'x 594, 596 (10th Cir. 2021) ("Under the *Rooker-Feldman* doctrine, federal 'courts do not have jurisdiction over challenges to state-court decisions' or over claims that are 'inextricably intertwined with the state court decision.'" (quoting *Van Sickle v. Holloway*, 791 F.2d 1431,

1436 (10th Cir. 1986))).  Thus, Judge Gale concluded that "there is no basis for federal court jurisdiction" over plaintiff's claims.  Doc. 7 at 7.  And so, Judge Gale recommended that the court dismiss plaintiff's claims in their entirety "for failure to state a cause of action" under federal law.  *Id.*

Judge Gale issued that Report and Recommendation on March 7, 2022.  *See id.*  Plaintiff received an opportunity to object to Judge Gale's recommendation.  The Report and Recommendation explained (1) that plaintiff may file a written objection to it within 14 days after plaintiff was served with a copy consistent with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), and (2) that plaintiff's failure to object within that deadline would "bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition."  *Id.* at 8.

The Clerk sent a copy of the Report and Recommendation to plaintiff by certified mail, using the address plaintiff had provided to the court.  But, the mailing was returned as undeliverable.  *See* Doc. 8.  So, on March 28, 2022, the Clerk remailed the Report and Recommendation by regular mail.  *See id.* (noting remailing on docket).  By mailing the Report and Recommendation to plaintiff's "last known address[,]" service was "completed upon mailing" that day.  Fed. R. Civ. P. 5(b)(2)(C); *ReVoal v. Brownback*, No. 14-4076, 2014 WL 5321093, at *1 (D. Kan. Oct. 16, 2014).  Thus, the time for plaintiff to file objections to the Report and Recommendation expired 14 days later, on April 11, 2022.

Plaintiff has not filed any objection on or before the date of this Memorandum and Order.  Nor has plaintiff sought an extension of time to file an objection.  So, plaintiff has waived his rights to object.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."); *see also Garcia v. City of Albuquerque*, 232 F.3d 760, 766–67 (10th Cir. 2000)

(explaining under Fed. R. Civ. P. 72(b) a district court must make a *de novo* determination only for those portions of the report and recommendation to which a party specifically has objected).

After reviewing the Report and Recommendation, the court agrees with Judge Gale's conclusion. The court merely makes one adjustment. While the Report and Recommendation recognized that "there is no basis for federal court jurisdiction" over plaintiff's claims, it recommended ultimately that the court dismiss plaintiff's claims in their entirety "for failure to state a cause of action" under federal law. Doc. 7 at 7. But our Circuit recently has provided the following direction: "When the district court determine[s] that the *Rooker-Feldman* doctrine applies to [a] [p]laintiff's claims, the court should . . . dismiss[ ] the claims for lack of subject-matter jurisdiction and without prejudice." *Deloge v. Davis*, No. 21-8025, 2021 WL 6143719, at *2 (10th Cir. Dec. 30, 2021). Mindful of that direction from the Circuit, the court adopts the substance of Judge Gale's recommendation, but modifies the technical result. In other words, the court concludes that it lacks subject-matter jurisdiction over plaintiff's claims, and so, it dismisses the Complaint without prejudice.[1]

**IT IS THEREFORE ORDERED BY THE COURT THAT** the Complaint (Doc. 1) is dismissed without prejudice.

**AND IT IS FURTHER ORDERED BY THE COURT THAT** the Report and Recommendation issued by United States Magistrate Judge Kenneth G. Gale on March 7, 2022

---

[1] While not raised in the Report and Recommendation, the court notes that *Heck v. Humphrey*, 512 U.S. 477 (1994) also bars plaintiff's claims. As our court has recognized, "if judgment in favor of the prisoner plaintiff in a § 1983 action 'would necessarily imply the invalidity of his conviction or sentence,'" then the court must dismiss the complaint "'unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.'" *Lowery v. Kansas*, No. 20-3266-SAC, 2021 WL 2401938, at *2 (D. Kan. June 11, 2021) (quoting *Heck*, 512 U.S. at 487). Here, plaintiff hasn't demonstrated that a court has invalidated his conviction or sentence. Thus, to the extent plaintiff's claims challenge his conviction or sentence, *Heck* bars those claims. This holding furnishes a second and independent reason for dismissing the Complaint.

(Doc. 7) is **ACCEPTED, ADOPTED (with the clarification noted above), and AFFIRMED**.

The court dismisses this action.

**IT IS SO ORDERED.**

**Dated this 15th day of April, 2022, at Kansas City, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**

4